UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEPHEN ROBERT BIXLER, JR.,

        Plaintiff,                       Case No. 1:22-cv-10205

v.                                        Honorable Thomas L. Ludington
                                                United States District Judge
MICHIGAN DEPARTMENT OF
CORRECTIONS and
STATE OF MICHIGAN,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Stephen Robert Bixler, Jr.'s *pro se* civil-rights Complaint filed under 42 U.S.C. § 1983. ECF No. 1. Petitioner is incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. He claims his Eighth Amendment rights were violated when he was subjected to unsanitary conditions at the Gus Harrison Correctional Facility in Adrian. *Id.* at PageID.7. He names two defendants: the Michigan Department of Corrections (MDOC) and the State of Michigan. *Id.* at PageID.2. Plaintiff was previously granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1). For the reasons stated hereafter, Plaintiff's Complaint will be dismissed.

I.

Under the Prison Litigation Reform Act of 1996 (PLRA), a federal court must *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (providing a similar screening duty in

"civil action[s] in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity"). Similarly, a court must also dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although *pro se* complaints are construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought," FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice-pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, plaintiffs must allege that: (1) they were deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A

plaintiff must also allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

## II.

Petitioner alleges that, between July 11 and 12, 2021, raw sewage backed up into his cell and surrounding cells. ECF No. 1 at PageID.7. Despite his requests to MDOC to clean the sewage, it allegedly remained in his cell for 20 hours, causing him to suffer vomiting, headaches, and vertigo. *Id.* at PageID.7–8. As relief, Petitioner seeks $250,000. *Id*.

Petitioner names only two Defendants: the State of Michigan and MDOC. The Eleventh Amendment bars civil-rights actions against a state and its agencies and departments unless it has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983, *Chaz Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted). Therefore, Michigan and MDOC are immune from suit under the Eleventh Amendment.

Plaintiff could, however, sue an MDOC official in her individual capacity. *See Alden v. Maine*, 527 U.S. 706, 757 (1999) ("[A] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself, so long as the relief is sought not from the state treasury but from the officer

- 4 -

personally."). But he does not identify any MDOC officials in his Complaint, except for MDOC Director Heidi Washington, whom he passingly derides as "corrupt[]." ECF No. 1 at PageID.11.

Accordingly, Plaintiff's Complaint must be dismissed because it seeks relief from Defendants that are immune. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**. This Court also concludes that an appeal from this Order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997).

Dated: May 31, 2022                                s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge